IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAM EVANS, JR.,

      Petitioner,

v.                                        CASE NO. 4:15-cv-506-WS-GRJ

SECRETARY, DEP'T.
OF CORRECTIONS,

      Respondent.

_____/

## ORDER AND AMENDED REPORT & RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his January 8, 2009 jury-trial conviction in Leon County for robbery, resisting arrest with violence, and battery on a law enforcement officer. (ECF No. 4.) Respondent filed the Motion to Dismiss Petition for Writ of Habeas Corpus on June 7, 2016. (ECF No. 15.)

On January 6, 2017, the Court entered a report and recommendation recommending dismissal of the Petition as untimely. (ECF No. 21.)  As of that date, Petitioner had not filed a response to Respondent's motion to dismiss and the time for doing so had expired. (*Id.*)  After the report and

recommendation was entered Petitioner filed an untimely response,[1]

arguing that his Petition is timely because the facts upon which his claims

are based were discovered during the state court evidentiary hearing. (ECF

No. 22.)  Petitioner's argument does not change the results of the report

and recommendation. Even if Petitioner discovered the facts upon which

his claims are based during the state court evidentiary hearing the petition

is still untimely. The Court therefore has considered Petitioner's untimely

response and, nonetheless, recommends that the motion to dismiss be

granted and the Petition be dismissed.

## A.  State-Court Proceedings

The procedural background of this case is established by the state

court records filed separately as exhibits to the motion to dismiss. (ECF

Nos. 16–16-3.)[2] In June 2008, the State charged Petitioner with one count

of robbery in violation of Fla. Stat. § 812.13(2)(c), one count of resisting

officer with violence in violation of Fla. Stat. § 843.01, and two counts of

---

[1] Petitioner's response to the motion to dismiss was due by December 29, 2016. (ECF No. 20.) Petitioner did not provide his response to prison officials for mailing, however, until January 3, 2017. (ECF No. 22.)

[2] In light of the fact that the page numbers are inconsistent throughout the exhibits, the exhibit page numbers to which the Court cites refer to the ECF page numbers at the top of the page.

battery on a law enforcement officer in violation of Fla. Stat. § 784.07(2)(b).

(ECF No. 16-1 at 8.)[3] A jury subsequently found Petitioner guilty. (*Id.* at

49.) The Court sentenced Petitioner to twenty years' imprisonment. (ECF

No. 16-1 at 51–58.) [4]

On June 29, 2010, the First District Court of Appeal ("First DCA")

affirmed *per curiam* without written opinion, and the mandate followed on

July 15, 2010. (ECF No. 16-2 at 74–76.) Petitioner then filed a petition for

writ of certiorari in the United States Supreme Court on September 28,

2010. (*Id.* at 79–90.) The Supreme Court denied the petition on January

10, 2011. (*Id.* at 93–97); *Evans v. State*, 131 S. Ct. 918 (2011).

On January 20, 2011, Petitioner provided to prison officials for

mailing a petition for writ of habeas corpus in the First DCA. (ECF No. 16-2

at 101–04.) The First DCA *per curiam* denied the petition on the merits on

March 4, 2011. (*Id.* at 106.) The First DCA's docket reflected that Petitioner

---

[3] The State later announced a nolle pros as to one of the counts of battery on a law enforcement officer. (ECF No. 16-1 at 71–72.)

[4] The Court sentenced Petitioner to twenty years' imprisonment on the robbery count, five years' imprisonment on the count of resisting an officer with violence, to be served concurrent to the robbery count, and five years' imprisonment on the count of battery on a law enforcement officer, also to be served concurrent to the robbery count. (ECF No. 16-1 at 51–58.) The first fifteen years of the twenty-year sentence was to be served as a prison releasee reoffender. (*Id.*)

filed a motion for rehearing on April 13, 2011. (*Id.* at 108.) On January 3, 2012, however, the First DCA sent Petitioner a letter inquiring as to whether he filed a motion for rehearing because it could not locate either a paper or electronic copy of such a motion. (*Id.* at 110.) Similarly, the Office of the Attorney General had not received a copy of a motion for rehearing from Petitioner. (*Id.*) Thus, the First DCA asked Petitioner to provide a copy of the motion if one was filed. (*Id.*) Neither the record nor the First DCA's docket, however, reflect any further action regarding the motion. (*Id.* at 108.)[5] Petitioner also represents that he does not have any petition or appeal now pending in any court, either state or federal, for the judgment he is challenging. (ECF No. 4 at 12.)

On May 11, 2011, Petitioner provided a motion for postconviction relief to prison officials for mailing. (ECF No. 16-2 at 115–32.) The trial court entered an order striking two grounds on October 31, 2011, with leave to amend within thirty days. (*Id.* at 133–34.) Accordingly, on November 15, 2011, Petitioner provided an amended motion for

---

[5] The Court takes judicial notice that the First DCA's docket includes the notation "no motion filed – see correspondence." *Sam Evans v. State of Florida*, No. 1D11-467 (Fla. 1st DCA Apr. 13, 2011).

postconviction relief to prison officials for mailing. (*Id.* at 135–40.) The trial court issued a non-final order partially denying the amended motion for postconviction relief on June 6, 2012, and set the remaining grounds for evidentiary hearing. (*Id.* at 143–44.) At the evidentiary hearing in February 2013, the trial court orally denied three grounds. (*Id.* at 182–83; ECF No. 16-3 at 49–97.) Then on August 2, 2013, the trial court issued an order denying the remaining ground. (ECF No. 16-2 at 182–83.)

On August 9, 2013, Petitioner filed a notice of appeal of the trial court's order denying his amended motion for postconviction relief. (ECF No. 16-3 at 42.) The First DCA *per curiam* affirmed without written opinion on May 15, 2014. (*Id.* at 152.) The mandate followed on June 10, 2014. (*Id.* at 154.)

Next, on approximately October 5, 2014, Petitioner provided two motions to prison officials for mailing: (1) a motion for postconviction relief alleging newly discovered evidence ("second postconviction motion"); and (2) a successive motion for postconviction relief raising eight claims of ineffective assistance of collateral counsel ("third postconviction motion").

(*Id.* at 156–57, 159–63.)[6] The trial court denied both of the motions on November 6, 2014. (*Id.* at 166–68.) The trial court concluded that the second postconviction motion did not assert newly discovered evidence and was, therefore, procedurally barred as untimely. (*Id.*) Similarly, the trial court explained that ineffective assistance of collateral counsel claims in the third postconviction motion were not cognizable and were not a valid basis for relief. (*Id.*)

On October 16, 2015, Petitioner provided his federal habeas petition to prison officials for mailing. (ECF No. 1.) He then filed an amended petition on November 17, 2015. (ECF No. 4.)

## B.  One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

---

[6] Although the motion for postconviction relief has a date and signature stamp completed by a Graceville Correctional Facility official, the numeric day is illegible. (ECF No. 16-3 at 156.) On the last pages of both motions, however, Petitioner dated the filings as October 5, 2014. (*Id.* at 157, 163.)

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## C. Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, the AEDPA governs his Petition. Petitioner's Petitioner is, therefore, subject to the AEDPA's one-year limitation period. Pursuant to §

2244(d)(1)(A), Petitioner was required to file his Petition by February 11, 2015, but failed to do so until October 16, 2015. Thus, his Petition is untimely.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

With respect to the first *Adams* prong, Petitioner filed his Petition in this Court on October 16, 2015. Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams*, 173 F.3d at 1341. Accordingly, because Petitioner provided his Petition to prison officials for mailing on October 16, 2015, he is deemed to have officially filed his Petition in this Court on October 16, 2015. (ECF No. 1.)

As to the second *Adams* prong, Petitioner's judgment of conviction became final on September 7, 2010. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction

has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A state appellate court's *per curiam* affirmance of a conviction is not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; *see also* Fla. Const. Art. V, § 3(b)(1). A petitioner, however, has a 90-day period in which to file a certiorari petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004).

In this case, the First DCA *per curiam* affirmed Petitioner's conviction on June 9, 2010. The record is devoid of any evidence suggesting that Petitioner sought direct review of his conviction from the Florida Supreme Court. Nonetheless, because the First DCA *per curiam* affirmed Petitioner's conviction, Petitioner was not entitled to seek review from the Florida Supreme Court. *See Jackson*, 926 So. 2d at 1265. Accordingly, Petitioner received the benefit of the 90-day period to file a certiorari petition with the Supreme Court because the First DCA was the highest court in which he could seek review. *See Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1274–75 (11th Cir. 2006). "[T]he entry of

judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006). Thus, the 90-day period began upon the entry of judgment on June 10, 2010, and expired on September 7, 2010.[7] Accordingly, Petitioner's state conviction became final for AEDPA purposes on September 7, 2010, and the AEDPA one-year statute of limitations began the following day—September 8, 2010.

After Petitioner's conviction became final, his one-year period to file a federal habeas petition ran un-tolled for 134 days until January 20, 2011, the date that Petitioner filed his state habeas petition in the First DCA. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling while state habeas corpus petition is pending); *Bridges v. Johnson*, 284 F.3d 1201, 1202 n.1 (11th Cir. 2002) ("It is not disputed that the filing of a state habeas petition tolls the AEDPA statute of limitations under 28 U.S.C. § 244(d)(2).").
Petitioner's AEDPA clock remained tolled while the state habeas petition was pending.

_____

[7] Although Petitioner later filed his petition for writ of certiorari in the Supreme Court on September 28, 2010, his petition was untimely.

Petitioner's state habeas petition remained pending for AEDPA purposes until March 21, 2011. "[A]n application is 'pending' as long as the state collateral review process is in continuance–i.e., until the completion of that process." *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (quoting *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)) (internal quotations removed). Thus, "a state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level." *Id.* (citing *Carey*, 536 U.S. at 220, 226).

In this case, although the First DCA denied Petitioner's state habeas petition on March 4, 2011, his petition remained pending for AEDPA purposes until the time to file a motion for rehearing in the First DCA expired. *See Felton v. Florida*, 153 F. App'x 620, 621 (11th Cir. 2005) (discussing that because petitioner filed his Florida state habeas petition as an original proceeding in the court of appeal, the state court's order denying the petition became final for AEDPA purposes when the time to file a motion for rehearing in the First DCA expired); *Wade*, 379 F.3d at 1262 (concluding that petitioner's state habeas petition remained pending

for AEDPA purposes until the thirty-day deadline under Georgia law to file

an application for review with the Georgia Supreme Court expired). Under

Florida law, a motion for rehearing must be filed within fifteen days of the

court's order. Fla. R. App. P. 9.330. Petitioner was, therefore, required to

file a motion for rehearing by March 21, 2011,[8] but did not do so.[9]

Accordingly, his state habeas petition only remained pending for AEDPA

purposes until March 21, 2011.

Petitioner's one-year limitation period resumed on March 22, 2011,

and ran un-tolled for fifty (50) additional days until he filed his first motion

for postconviction relief on May 11, 2011. Accordingly, a total of 184 un-

---

[8] Although the fifteen-day period expired on Saturday, March 19, 2011, pursuant to Fla. R. Jud. Admin. 2.514(a)(1), if the last day of the period stated in days or a longer unit is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fla. R. Crim. P. 3.040 ("Computation of time shall be governed by Florida Rule of Judicial Administration 2.514(a), except for the periods of time of less than 7 days contained in rules 3.130, 3.132(a) and (c), and 3.133(a)."). Thus, Petitioner had until Monday, March 21, 2011 to file a motion for rehearing.

[9] Despite the First DCA's docket reflecting that Petitioner filed a motion for rehearing on April 13, 2011, the record does not suggest that the First DCA ever received a copy of a motion for rehearing from Petitioner. An application for state postconviction or other collateral review, however, must be *properly* filed to toll the AEDPA limitations period. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Not only is it questionable whether the motion was in fact ever filed, it would have nonetheless been untimely under Florida law and, therefore, not properly filed for AEDPA purposes.

tolled days had elapsed as of May 11, 2011. His one-year period remained tolled while his first motion for postconviction relief was pending. Although the trial court denied his first motion for postconviction relief on October 31, 2011, because Petitioner could have filed a notice of appeal, his motion remained pending for AEDPA purposes until the time for filing a notice of appeal expired. *See Jones v. Nagle*, 349 F.3d 1305, 1307–08 (11th Cir. 2003) (citing *Carey v. Saffold*, 536 U.S. 214, 217 (2002)) (explaining that because petitioner could have filed a notice of appeal from the dismissal of his second motion for postconviction relief, the AEDPA should have been tolled for that time period). In Florida, a notice of appeal must be filed within thirty days of rendition of the order to be reviewed. Fla. R. App. P. 9.110(b). Thus, Petitioner's clock would have remained tolled until November 30, 2011.

In the meantime, however, on November 15, 2011, Petitioner filed his amended motion for postconviction relief. His clock, therefore, remained tolled while his amended motion for postconviction relief was pending. Following the trial court's denial of the last remaining count on August 2, 2013, Petitioner timely filed a notice of appeal within thirty days. Thus, the amended motion for postconviction relief remained pending for AEDPA

purposes until the First DCA issued the mandate on June 10, 2014.[10]

Petitioner's one-year clock resumed on June 11, 2014, and ran un-tolled for 116 days until he filed his third postconviction motion on approximately October 5, 2014.[11] As of October 5, 2014, a total of 300 un-tolled days had elapsed.[12] Although the state court denied the third postconviction motion because the claims were not cognizable and did not state a valid claim for relief, nothing suggests that the state court's denial was based on procedural grounds. *See Artuz*, 531 U.S. at 8 ("an application is 'properly filed' when its delivery and acceptance are in

_____

[10] Even though Petitioner did not seek further review, "[t]he time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes." *Lawrence v. Florida*, 421 F.3d1221, 1225 (11th Cir. 2005) (quoting *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000)).

[11] Although the record is unclear as to the exact date Petitioner provided his third postconviction motion to prison officials for mailing, the instant petition was filed approximately eight months past the one-year deadline. The exact date in October 2014 that Petitioner filed the third postconviction motion is, therefore, irrelevant to the analysis.

[12] Although Petitioner also filed his second postconviction motion alleging newly discovered evidence on approximately October 5, 2014, the trial court denied the motion as untimely because the motion did not assert claims based on newly discovered evidence. A motion for postconviction relief that is dismissed as untimely under state law is not "properly filed" for AEDPA purposes and therefore does not toll the statute of limitations. *Allen v. Siebert*, 552 U.S. 3, 5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). Thus, Petitioner's second postconviction motion did not toll his AEDPA on-year limitations period.

compliance with the applicable laws and rules governing filings"); *Williams v. Sec'y, Dep't of Corrections*, No. 6:09-cv-1809-Orl-31KRS, 2011 WL 2173858, at *4 (M.D. Fla. June 2, 2011) (concluding that petitioner's Rule 3.800 motion was properly filed for AEDPA purposes because although the claims should have been raised in a Rule 3.850 motion—which would have been untimely—the state court addressed the merits of the claim instead of dismissing the motion as untimely). Consequently, Petitioner's third postconviction motion was properly filed under the AEDPA, thereby tolling the one-year statute of limitations. Accordingly, the one-year period remained tolled until December 8, 2014—the conclusion of the thirty-day period in which he could have sought review of the trial court's November 6, 2014 denial.[13]

Petitioner's AEDPA one-year clock resumed again on December 9, 2014, and expired sixty-five (65) days later on February 11, 2015. Petitioner did not file his federal habeas petition until approximately eight months later on October 16, 2015. Thus, Petitioner's federal habeas petition is untimely.

---

[13] The thirty-day period would have ended on Saturday, December 6, 2014. However, pursuant to Fla. R. Jud. Admin. 2.514(a)(1), Petitioner had until Monday, December 8, 2014 to seek review of the trial court's denial. *See supra* n.8.

### D. <u>Petitioner's Response Does Not Change the Result</u>

In his untimely response to the motion to dismiss Petitioner argues that his Petition is timely because he did not discover the facts upon which his claims are based until his evidentiary hearing.[14] Petitioner is wrong for two reasons.

First, although under § 2244(d)(1)(D), the one-year period can start in certain cases on the date upon which the factual predicate of the claims presented could have been discovered through the exercise of due diligence, Petitioner raised both of his claims in his motion for postconviction relief, which he filed on May 11, 2011. (ECF No. 16-2 at 115–32.) The evidentiary hearing did not take place, however, until February 2013. Accordingly, it is clear that the facts upon which his claims are based were known to him well before the evidentiary hearing. Moreover, the claims Petitioner has advanced are claims for ineffective assistance of counsel for failing to request a jury instruction that supported the evidence and for failing to investigate the victim, neither of which is based upon newly discovered evidence.  (ECF No. 4.)          Second,

---

[14] Although Petitioner does not specify when this evidentiary hearing ocurred, the only evidentiary hearing in the record is the February 2013 state court evidentiary hearing on his amended motion for post conviction relief.

even if these claims were based upon newly discovered evidence—which they are not—the Petition would still be untimely. Assuming Petitioner's one-year clock did not start until June 11, 2014, the day after the First DCA issued its mandate following its affirmance of the trial court's denial of the amended motion for postconviction relief, 116 days elapsed between June 11, 2014, and October 5, 2014. His clock resumed on December 9, 2014, and continued to run un-tolled for 311 days until he filed his federal habeas petition on October 16, 2015, for a total of 427 days. Thus, even if his one-year clock did not start until June 11, 2014, his one-year period nonetheless expired on August 14, 2015. Accordingly, even assuming the evidentiary hearing triggered his one-year filing period, his Petition is still untimely.

Petitioner has offered no other response regarding his failure to timely file his federal habeas petition within the one-year AEDPA limitations period. While a petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be

'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

In this case, Petitioner has offered no explanation regarding the timeliness of his petition. He has, therefore, failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations. Accordingly, the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, upon due consideration it is **ORDERED**:

The Court's report and recommendation dated January 6, 2017, ECF No. 21, is **VACATED**; and

It is respectfully **RECOMMENDED**:

1.   Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 15, should be **GRANTED** and the amended petition for writ of habeas corpus, ECF No. 4, should be **DISMISSED**.

2.   A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 11th day of January, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations**

must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.